**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALBERT CUNNINGHAM,<br><br>        Petitioner - Appellant,<br><br>  v.<br><br>RON DAVIS,**<br><br>        Respondent - Appellee. | No. 14-55883<br><br>D.C. No. 2:02-cv-07170-GHK<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
George H. King, Chief District Judge, Presiding

Submitted June 15, 2015***
San Francisco, California

---

    *    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    **    Ron Davis is substituted for his predecessor as Acting Warden of the California State Prison at San Quentin.  Fed. R. App. P. 43(c)(2).

    ***    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: PREGERSON, GOULD, and TALLMAN, Circuit Judges.

Albert Cunningham appeals the district court's finding that his "Motion for Relief from Judgment or Order" brought pursuant to Rule 60(b)(6) was a disguised second or successive habeas corpus petition filed without prior approval from this Court, and that therefore the district court did not have jurisdiction to consider the merits of the purported Rule 60(b) motion. We grant Cunningham a limited Certificate of Appealability so as to permit our review of this appeal. Because we agree that Cunningham's purported Rule 60(b) motion is a second or successive habeas corpus petition—filed without seeking permission from this Court under 28 U.S.C. § 2244(b)(3)(A) to file such a petition—we affirm the district court's denial of relief.

"Habeas corpus petitions cannot utilize a Rule 60(b) motion to make an end-run around the requirements of AEDPA or to otherwise circumvent that statute's restrictions on second or successive habeas corpus petitions." *Jones v. Ryan*, 733 F.3d 825, 833 (9th Cir. 2013) (internal quotation marks omitted). Motions properly brought under Rule 60(b) generally attack the integrity of the federal habeas proceedings, whereas motions that present "claims . . . constitut[ing], in effect, new requests for relief on the merits" are viewed as disguised second or successive habeas corpus petitions. *Id.* at 834; *see also Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005)

2

("[A] 'claim' as used in § 2244(b) is an asserted federal basis for relief from a state court's judgment of conviction.").

Cunningham argues in his motion that the district court committed a procedural error in "deciding the merits of the manipulation of evidence claim after having determined that it was not properly raised and was thus not properly before the court."[1]  In his original habeas corpus petition, Cunningham raised a claim that the prosecution in his state jury trial had improperly manipulated the evidence.  After the district court found that this claim was unexhausted, Cunningham filed his First Amended Petition.

Although the parties dispute whether the manipulation of evidence claim was included in the First Amended Petition, the district court held that it was not.  Under 28 U.S.C. § 2254(b)(2)—which states that "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State"—the district court denied the manipulation of evidence claim on the merits.  On appeal, we affirmed in toto the

---

[1] Cunningham argued, as a second basis for his purported Rule 60(b) motion, that the district court "arriv[ed] at a merits determination in contravention of the procedural rules set forth in *Cullen v. Pinholster*," 131 S. Ct. 1388 (2011).  The district court held that this argument was a claim that may only be brought as part of a second or successive habeas corpus petition.  Because Cunningham does not challenge this ruling in his appeal, we decline to address the issue.

district court's denial of Cunningham's petition for a writ of habeas corpus. *Cunningham v. Wong*, 704 F.3d 1143, 1165 (9th Cir. 2013). We decline the invitation to revisit it here.

Cunningham now asserts that the district court's decision on the merits of the manipulation of evidence claim was procedurally defective because, by holding that the claim was not properly raised in the First Amended Petition (as opposed to holding again that the claim was unexhausted), the court lacked jurisdiction to reach the claim's merits. Cunningham argues that the district court should have instead "dismiss[ed] the claim or permit[ted] Cunningham an opportunity to amend the petition and attempt to properly plead the claim so that the court could decide it on the merits." In his purported Rule 60(b) motion, Cunningham asked the district court "to vacate the judgement [sic] and to reopen the case for further proceedings in connection with the manipulation of evidence claim."

In doing so, Cunningham effectively seeks another bite at the apple. He hopes that a finding that the district court improperly reached the merits of his manipulation of evidence claim will lead to readjudication of the claim. This is the very definition

of a second or successive habeas corpus petition.[2]  *See Jones*, 733 F.3d at 836 ("[Petitioner] is in essence arguing that he deserves a second chance to have the merits determined favorably in the context of a second or successive 28 U.S.C. § 2254 habeas corpus petition.").

Given the absence of a 28 U.S.C. § 2244(b)(3)(A) request, the district court correctly held that it did not have jurisdiction to entertain Cunningham's disguised second or successive habeas corpus petition.  *See id.* at 838.  Unlike in *Jones*, where we construed the petitioner's appeal as a request for authorization to file a second or successive habeas corpus petition, *see id.* at 841, Cunningham expressly disavowed his desire to have this Court construe his appeal as such a request.  We therefore affirm the district court's order denying Cunningham's "Motion for Relief from Judgment or Order."

**AFFIRMED.**

---

[2] Because we conclude that Cunningham's Rule 60(b) motion is a disguised second or successive habeas corpus petition, we need not reach the issue of whether a deficiently pled claim may be addressed in the same manner as an unexhausted claim under 28 U.S.C. § 2254(b)(2), or whether the district court's prior exhaustion ruling placed the manipulation of evidence claim within the ambit of § 2254(b)(2).